IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**YOLANDA LOPEZ-TORRES,**
**Petitioner,**

v.                                                          CIVIL NO. 11-2137 (GAG)

**USA,**
**Respondent.**

**ORDER**

The Court has carefully reviewed petitioner's Section 2255 memorandum (Docket No. 19), as well as the government's response thereto (Docket No. 21). In addition, the Court also has the benefit of having heard from counsel (Docket No. 12). Having considered the particular facts of this case, as well as the applicable law, the Court hereby **GRANTS** the habeas petition. Accordingly, the Court shall **VACATE** its sentence and judgment in Criminal Case 11-057 (GAG), and proceed to resentence defendant-petitioner.

The issue at hand is whether attorney Acevedo acted ineffectively at sentencing, and more so, whether as a result, petitioner was prejudiced. Strickland v. Washington, 466 U.S. 668 (1984). The Court answers both questions in the affirmative. The Court notes that at the time of sentencing, it was indeed aware that petitioner had a plethora of medical problems. (See PSR, Criminal No. 11-057, Docket No. 22 at 15 ¶ 51.) The PRS, however, does not go into any detail whatsoever as to how each condition, or the combination thereof, affects the petitioner. Due to what he admits as overconfidence, Attorney Acevedo –one of the most highly experienced counsel in this district– did

not present any such explanation, neither through testimony of an expert, nor through further documentation. As such, petitioner was deprived of having the Court consider a well-presented and supported request for variance or departure. This is evidenced by the Federal Public Defender's memorandum of law (Docket No. 19). The Court itself concludes that had it been aware of the evidence Attorney Acevedo failed to present, it would not have sentenced petitioner at that time. Rather, upon request of the parties or *motu proprio*, the Court would have ordered the presentation of expert testimony, or at a minimum a detailed medical evaluation, in order for it to meaningfully exercise its sentencing authority under 18 U.S.C. §2553(a). In this respect, the prejudice to petitioner is real and is there, in that the Court exercised its sentencing authority without having the full medical picture.

Accordingly, the habeas motion at bar is **GRANTED**, and the sentence and judgment in Criminal No. 11-057 (GAG) is **VACATED**.

A new sentencing date, as well as an order as to how the Court will proceed shall be issued forthwith in the criminal case. The parties, however, are advised that the present ruling in no way should be interpreted as suggesting what the sentence to be imposed shall be. It may remain the same or may be reduced.

Finally, the Court points out the present ruling is not *carte blanche* for every sentenced defendant to claim ineffective assistance for the failure of counsel to adequately bring forth a medical condition. This is a unique case, with a unique situation, where as previously mentioned, and contrary to the cases cited by the government,[1] the Court was not fully cognizant of petitioner's medical condition.

---

[1] Haines v. U.S., 2010 WL 4720047 (E.D. Mo. Nov. 15, 2010); Guzman v. U.S., 2009 WL 3334910 (S.D. Tex. Oct. 14, 2009).

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd day of February, 2012.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
